IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| PATRICK P. O'DONNELL, <br><br> Petitioner, <br><br> v. <br><br> COMMONWEALTH OF VIRGINIA, <br><br> Respondent. | Action No. 3:08–CV–18 |

MEMORANDUM OPINION

THIS MATTER is before the Court on a Motion to Dismiss by the Commonwealth of Virginia. For the reasons stated in this Memorandum Opinion, the Court will GRANT the Motion and DISMISS Patrick O'Donnell's Petition for a Writ of Habeas Corpus as untimely.

1. Background

O'Donnell challenges judgments imposed against him for distributing marijuana by the Circuit Courts of Westmoreland and Stafford Counties. On December 3, 2004, O'Donnell was sentenced to five years' imprisonment, with four years and one month suspended, by the Circuit Court of Westmoreland County. Just over one year later, on December 28, 2005, O'Donnell filed a petition for a writ of habeas corpus in the Circuit Court of Westmoreland County, challenging that conviction on several grounds. On May 4, 2006, the Circuit Court of Westmoreland County dismissed the petition, and on January 4, 2007, the Supreme Court of Virginia refused to hear O'Donnell's appeal.

Several days after O'Donnell was sentenced by the Circuit Court of Westmoreland County, on December 15, 2004, he received a sentence of ten years' imprisonment, with eight years and two months suspended, from the Circuit Court of Stafford County. On November 13, 2006, O'Donnell filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. The Virginia Supreme Court denied the petition on June 5, 2007 and his petition for rehearing on September 21, 2007.

Then, on January 9, 2008, O'Donnell filed the Petition that is before the Court, claiming that he did not plead guilty intelligently and voluntarily because (1) the attorney whom he hired did not assist him effectively and (2) Virginia did not disclose exculpatory evidence. In response, Virginia argues that the Petition is untimely. O'Donnell did not reply.

2.  Discussion

Section 2244(d)(1) of Title 28 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus pursuant to the judgment of a State court. The limitation period shall run from the latest of – (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review ... or (D) the date of which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[1]

But, the period for filing a federal habeas petition is tolled during any "time during which a properly filed application for State post-conviction or other collateral review with respect to

---

[1] O'Donnell does not allege that either of the other factors that determine the period of limitation for filing a petition under § 2244 apply in this case – i.e., that he was prevented from filing a petition by state action or that he is protected by a right newly recognized and given retroactive effect by the United States Supreme Court. See 28 U.S.C. § 2244(d)(1)(B),(C).

the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000) (emphasizing that the period for filing a federal habeas petition begins to run at the "conclusion of [the] direct review of a judgment of conviction," but that the time for filing is tolled "for the period when state post-conviction proceedings are pending in any state court").

    A.    <u>O'Donnell's Petition was filed more than one year after the judgments against him became final</u>

The Circuit Court of Westmoreland County entered its judgment against O'Donnell on December 3, 2004. The time for O'Donnell to seek direct review of that conviction expired on January 3, 2005, the Monday after the day on which the period for filing an appeal ended, a Sunday. See Va. Code §§ 1–210(B) (providing that if the period "for performing an act during the course of judicial proceeding falls on a … Sunday, … the act may be performed on the next day" when the court is open); 8.01–675.3 (providing that, with exceptions that do not apply in this case, an appeal must be filed within thirty days of the entry of a final judgment); Va. Sup. Ct. R. 5A:6(a) (same). O'Donnell filed a petition for state habeas relief on December 28, 2005 – 359 days later – tolling the running of the period for filing a petition for federal habeas relief just before it ended. When the Supreme Court refused his petition for appeal on January 4, 2007, that period continued to run. It ended six days later – long before January 9, 2008, when O'Donnell filed the Petition that is before the Court. Thus, O'Donnell's challenge to the judgment of the Circuit Court of Westmoreland County is untimely under § 2244(d)(1)(A).

The judgment of the Circuit Court of Stafford County against O'Donnell was entered on December 15, 2004. The time for O'Donnell to seek direct review of that conviction expired on January 14, 2005. See Va. Code § 8.01–675.3; Va. Sup. Ct. R. 5A:6(a). The period for seeking collateral relief in federal court ended one year later, on January 14, 2006 – nearly two years before he filed the Petition that is before the Court. While O'Donnell challenged that conviction in state court, he did so on November 13, 2006, after the period for filing a federal habeas petition had expired; thus, O'Donnell's petition for state habeas relief did not affect the deadline for seeking federal habeas relief. Accordingly, O'Donnell's challenge to the judgment of the Circuit Court of Stafford County is untimely under § 2244(d)(1)(A), too.

In some cases, a petitioner may be entitled to equitable tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). A period of limitation may be equitably tolled only if the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Id. Equitable tolling is a form of relief that should be granted infrequently, and only after careful deliberation, to prevent "circumstances of individualized hardship [from] supplant[ing] the rules of clearly drafted statutes." Rouse v. Lee, 339 F.3d 238, 256 (4th Cir. 2003). The fact that a petitioner's attorney negligently failed to file a timely petition does not constitute the type of impediment that warrants equitable tolling. Id. at 248, 256.

Here, more than one year elapsed before O'Donnell challenged the denial of his petition with respect to the Circuit Court of Westmoreland County's judgment, and nearly

two years elapsed before he sought any type of relief with respect to the Circuit Court of Stafford County's judgment. Notably, he did not appeal either conviction. Those facts suggest that O'Donnell did not pursue his rights diligently. Nor does he allege that any extraordinary circumstances prevented him from challenging the convictions in a timely manner. Thus, equitably tolling O'Donnell's time for filing this petition is not warranted.

    B.    <u>O'Donnell's Petition was filed more than one year after the facts supporting his claims could have been discovered through the exercise of due diligence</u>

The date on which the judgments against O'Donnell became final would not determine the timeliness of the Petition that is before the Court if "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" only at some later time. See 28 U.S.C. § 2244(d)(1)(D). O'Donnell argues that his trial attorney neglected to interview key witnesses, thereby failing to assist him effectively.[2] But, O'Donnell states that three of those witnesses provided statements in 2005 and that three other witnesses provided statements by the time that he sought collateral relief in state court. While O'Donnell does not specify whether the latter statements were provided for his petition challenging the judgment of the Circuit Court of Westmoreland County in 2005 or the judgment of the Circuit Court of Stafford County in 2006, in either case, that evidence was available to him more than one year before he filed the Petition

---

[2] When O'Donnell sought state habeas relief with respect to the judgment by the Circuit Court of Westmoreland County, he argued that newly-discovered evidence (a) showed that a government informant set up drug transactions to "get even with" O'Donnell and (b) contradicted the account by a different government informant of events related to his conviction. O'Donnell does not make those arguments in the Petition that is before this Court.

that is before this Court. Since O'Donnell was actually aware of the factual bases for the claims in the Petition more than one year prior to its filing, it is untimely under § 2244(d)(1)(D).

3.  Conclusion

Accordingly, the Court will GRANT the Motion to Dismiss and DISMISS O'Donnell's Petition for a Writ of Habeas Corpus.

It will be SO ORDERED.

> /s/
> James R. Spencer
> Chief United States District Judge

ENTERED this __4th__ day of August 2008